UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MATLOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendant. | No. 2:13-cv-02206-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant United HealthCare Services, Inc.'s ("Defendant") Motion to Stay (ECF No. 18) this putative class action brought by Jack Matlock ("Plaintiff") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. For the following reasons, Defendant's Motion is GRANTED.[1]

## ANALYSIS

The crux of Plaintiff's complaint is that Defendant violated the TCPA when it initiated calls to his cell phone without his consent. Defendant purportedly nonetheless had the consent of the prior subscriber to Plaintiff's phone number. Unbeknownst to

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

Defendant, that subscriber had subsequently switched carriers and his phone number was reassigned to Plaintiff.  Defendant thereafter placed reminder calls to the original number to remind subscriber to get his flu shot.  Plaintiff now claims that, by reaching him instead, Defendant violated 47 U.S.C. §227(b)(1)(A), which makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to, among other things, cellular telephones.  The dispute in this case thus turns, in large part, on whether the "prior express consent of the called party" refers to the party the caller intended to reach or the actual recipient of the call.

     A number of courts have issued conflicting decisions (none of which are binding on this Court) as to the meaning of the phrase "called party."  Compare, e.g., Cellco P'ship v. Wilcrest Health Care Mgmt., Inc., 2012 WL 1638056 at *7 (D.N.J. May, 8, 2012) ("called party" is the intended recipient of the call), with Soppett v. Enhanced Recovery Co., LLC, 679 F.3d 637 (7th Cir. 2012) ("called party" is the current cell phone subscriber).  Accordingly, Defendant filed a petition for an expedited declaratory ruling with the Federal Communications Commission ("FCC") seeking an opinion as to the meaning of that phrase as well as what constitutes "prior express consent" in this particular context.  Declaration of Adam K. Levin, ECF No. 20, Exh. 1.  Defendant also asked the FCC to confirm that there is a good faith exception to liability under the TCPA for situations such as this one, when a call is purportedly placed for informational, as opposed to telemarketing, purposes.  Id.  Another entity has since filed an FCC petition requesting similar clarification as well.  Def.'s Reply, ECF No. 24 at 3.  Public comments are due as to Defendant's petition later this month.  See id., Exh. 1.

     Given the pendency of the agency proceedings, Defendant seeks to stay the instant litigation under the primary jurisdiction doctrine until the FCC proceedings are resolved.  The primary jurisdiction doctrine permits courts to stay litigation "pending the resolution of an issue within the special competence of an administrative agency."

Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008).  "[T]the doctrine is a 'prudential' one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  Id.  "[N]o fixed formula exists for applying the doctrine of primary jurisdiction."  Id. at 1115 (internal citations and quotations omitted).  However, the doctrine applies in cases where there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration."  Davel Commc'ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1086-87 (9th Cir. 2006) (internal quotations and citations omitted).

   The parties do not dispute that most of these factors are present here.  Indeed, Plaintiff failed to address, and thus appears to concede, that the FCC has regulatory authority pursuant to a statute subjecting the industry to a comprehensive regulatory scheme that requires expertise or uniformity in administration.  Plaintiff primarily opposes the stay, instead, on the basis that "called party" should correctly be interpreted to mean the subscriber to the phone line or the actual recipient of the call.  According to Plaintiff, then, no stay is warranted.  However, Plaintiff's argument ignores the case law on the other side of the divide finding to the contrary.  It also fails to address whether this Court should entertain any good-faith arguments Defendant may eventually raise.

   In sum, this Court finds that a stay is warranted because: (1) Defendant's petition is already before the FCC and comments are due in the near future; (2) judicial economy weighs against issuing a decision that may be undermined by an anticipated ruling of the regulatory body; (3) the violation alleged in this case is not ongoing so Plaintiff will suffer no further damages during a stay; and (4) this case is in the early stages of litigation, such that Plaintiff will not be prejudiced by any delay (In fact, Plaintiff does not even attempt to make such an argument here).  Defendant's Motion is thus GRANTED.

## CONCLUSION

For the reasons just stated, Defendant's Motion to Stay (ECF No. 18) is GRANTED. Plaintiff's pending Motion to Certify Class (ECF No. 8), currently set for hearing on May 29, 2014, is DENIED without prejudice to renewal at such time as this stay is lifted. Not later than ninety (90) days following the date this Order is electronically filed, the parties are directed to file a Joint Status Report advising the Court of the status of the proceedings before the FCC.

IT IS SO ORDERED.

Dated: March 19, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT